**In re L.B. SMITH, INC. OF VIRGINIA, Debtor.**

**Richard M. KREMEN, Trustee, Plaintiff,**

v.

**DESIGN PRINT, INC., Defendant.**

Bankruptcy No. 80–2–2014–L.

Adv. No. 82–0379–A.

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Nov. 13, 1984.

190

Ronald Ingoe, Fairfax, Va., Susan A. Grisser, Semmes, Bowen & Semmes, Baltimore, Md., for Trustee in Bankruptcy.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises pursuant to the filing of a motion for default by the Trustee in Bankruptcy ("Trustee") against the defendant, Design Print, Inc. ("defendant"). Trustee's motion is made in accordance with Rule 7055 of the Rules of Bankruptcy Procedure which incorporates Rule 55 of the Federal Rules of Civil Procedure. *See* R.Bankr.P. 7055; Fed.R.Civ.P. 55. In this instance, defendant, a domestic corporation, has failed to file an answer or other pleading to the Trustee's underlying complaint. *See* Fed.R.Civ.P. 55(a).

L.B. Smith, Inc. of Virginia, debtor herein, filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq. ("the Code"), on October 23, 1980. In August 1980, debtor paid to defendant the sum of $1,761.87 in the form of two checks. On August 29, 1982, the Trustee filed a complaint to recover a portion of those funds as a preferential transfer pursuant to section 547(b) of the Code. The complaint alleged the sum of $711.47 as being a preference, the balance of the payments having fallen under the exceptions to avoidance contained in section 547(c) of the Code.

The Trustee attempted to serve the complaint on the registered agent and the president of defendant corporation. In both instances, the Trustee's efforts were unsuccessful. The registered agent had resigned previously and the president had moved without leaving an address. An alias summons was issued in December 1982 but no service was effectuated. The Trustee's complaint was dismissed for nonappearance at the pretrial conference in February 1982. On June 6, 1983, the matter was reinstated on the Trustee's motion for reconsideration. The Trustee served the summons, notice of trial and complaint on the Virginia State Corporation Commission ("the Commission") in August 1983. On August 26, 1983, the State Corporation Commission served the defendant by certified mail, return receipt requested. Defendant has filed no answer or pleading and did not appear at the hearing held in this matter.

■ As a threshold issue, prior to any ruling on a motion for default, this Court must ensure that defendant's due process rights have been protected. Specifically, this Court must ascertain whether defendant has been served properly. In this instance, there can be no doubt but that there has been proper service. The Rules of Bankruptcy Procedure provide a means

by which a domestic corporation may be served. R.Bankr.P. 7004(b)(3); R.Bankr.P. 7004(b)(7). Rule 7004(b)(7) provides that a domestic corporation will be served properly if a copy of the summons and complaint are served upon the person prescribed to be served "by the law of the state in which service is made when an action is brought against such defendant in the court of general jurisdiction of that state." R.Bankr.P. 7004(b)(7).

In this case, service has been attempted on a number of occasions. In two instances, service was attempted on the individual registered with the Commission as the registered agent. In both instances, the mailing was returned to the Trustee with the notation "Moved, left no address." The Code of Virginia provides for just such a situation. Section 13.1–11 of the Virginia Code states that in those instances in which the registered agent cannot be found with reasonable diligence, "the clerk of the Commission shall be an agent of the corporation upon whom may be served any process...." 1950 Code of Virginia § 13.1–11 (Repl. vol. 1978).

The Trustee properly served the Commission as provided by state statute. *See id.* Additionally, the clerk of the Commission properly sent the summons and complaint by certified or registered mail to the corporation at its registered office. *See id.* Thus, due process has been satisfied in that defendant was served properly in accordance with bankruptcy procedure.

Rule 7055 of the Bankruptcy Rules of Procedure incorporates the rule governing default as contained in Rule 55 of the Federal Rules of Civil Procedure. R.Bankr.P. 7055. Rule 55(a) provides that an order of default may be entered in those instances in which a party has failed to file a pleading or otherwise defend. Fed.R. Civ.P. 55(a). In this case, there has been proper service and, to this date, defendant has made no appearance or filed any answer or other pleading. As a result and for the foregoing reasons, the Trustee is entitled to a default judgment against defendant and a finding that the sum of

$711.47 paid by debtor to defendant is a preferential transfer under section 547(b) of the Code.

An Order will enter in accordance with this Memorandum Opinion.